## J. S. GARRISON *et als. v.* HOLLINS, BURTON & CO.

1. PLEADINGS. *Sheriff and sureties. Suit against.* In an action against the sheriff and his sureties on his official bond, the dismissal of the suit by the plaintiff as to one of the sureties will not affect hts right to proceed against the other sureties.

2. CONSTITUTIONAL LAW. *Act demanding Jury in pleadings constitutional.* The act of 1875, ch. 4, which requires the parties to demand a trial by jury at a particular period of the litigation, is a reasonable regulation, and not a violation of that right, and constitutional.

### FROM MCMINN.

Appeal in error from the Circuit Court of McMinn county. J. B. HOYLE, J.

A. BLIZARD, W. H. BRIANT and W. L. HARBISON for Garrison.

J. H. GAUT for defendants.

COOPER, J., delivered the opinion of the court.

Hollins, Burton & Co. brought this suit against J. L. Garrison, sheriff of McMinn county, and the other defendants as the sureties on his official bond, for his failure to make the money on a particular execution in their favor. Verdict and judgment were rendered for the plaintiffs below, and the defendants appealed in error.

During the pendency of the suit in the court below,

it was dismissed by the plaintiffs as to one of the sureties, and it is now argued that this operated to dismiss the suit as to all of the defendants. But since the act of 1789, ch. 57, sec. 5, brought into the Code, section 2789, all joint obligations and promises have been made joint and several, and subsequent statutes have not only provided for the right to sue any one or more of such obligors, but for the dismission of suits, in all actions on contracts, as to one or more of those jointly sued, without prejudice to the right of recovery against the other defendants. Code, section 2790.

Neither party in his pleading tendering an issue demanded a jury, the declaration being filed on the 11th of August, 1875, and the pleas on the 10th of April, 1876, when issue was joined. On the 12th of April, 1877, when the cause was called for trial, the plaintiff moved that the cause be tried by the court, to which the defendant objected and demanded a jury. The court held that the plaintiff was entitled, under the act of 1875, ch. 4, to have the case tried without a jury, and it was accordingly tried by the judge alone. This is assigned as error.

The act in question provides, in substance, that whenever any suit is brought in any of the courts of record in this State, which is triable by jury, either party desiring a jury shall, in case of original suits, demand a jury in his first pleading tendering an issue triable by jury, and in the case of all other suits shall demand a jury within the first three days of the trial term, and if no such demand is made, "and in

the manner and time as aforesaid," the clerk shall place such cause on a docket to be styled the "non-jury docket;" and a failure to demand a jury as aforesaid shall be deemed and held, conclusively, "an agreement of the parties to submit all issues and questions of fact to the decision of the judge without a jury."

It is conceded that the ruling of the Circuit Judge was in conformity with the provisions of this act, but the argument is, that the act itself is unconstitutional, because violative of the provision of the bill of rights, which declares that "the right of trial by jury shall remain inviolate." Const. 1870, Art. 1, sec. 6. The act does not in terms interfere with that right. On the contrary, it carefully secures to the citizen a jury trial upon his demand. The object of the Legislature, as shown by other provisions of the statute, was to diminish the expense attending the administration of justice; for, while giving the Circuit Judge the power of determining at what time of the term the non-jury docket shall be disposed of, it expressly provides that during the period of its disposition no jury shall be in attendance. Neither the letter, nor the intention of the act, therefore, can be said to be violative of the Constitution, unless it be held that any provision on the subject would be unconstitutional. But it could not seriously be insisted that suitors might not waive the right of trial by jury, if they saw proper so to do, or that an agreement of waiver once entered into would not be obligatory. The act does no more. It only declares what voluntary acts of the parties shall

be deemed an agreement on their part to waive a trial by jury:    And we have held at this term that it is in the  discretion  of  the  Circuit  Judge,  upon  good  cause shown,  to  allow  an  amendment  of  the  pleading  of either  party  so  as  to  demand  a  jury,  if  the  applica- tion  be  promptly  made,  and  the  omission  to  make  the demand  be  satisfactorily  explained.    No  application  of that  character  was  made  in  this  case.    It  has  long been  the  settled  law  of  this  State,  that  the  Legislature may  impose  reasonable  conditions  on  the  exercise  of  the right  of  trial  by  jury,  the  most  notable  instance  of which  is  found  in  the  extension  of  the  jurisdiction  of justices  of  the  peace  to  give  judgment  without  a  jury, the  right  to  a  trial  by  jury  being,  however,  reserved to  the  party  by  the  right  of  appeal.    The  act  under consideration  is  clearly  only  a  reasonable  regulation, with  a  view  to  the  public  interest,  of  the  right  of trial  by  jury,  not  a  violation  of  that  right,  and  within the  competency  of  the  Legislature.

There  is  no  error  in  the  record,  and  the  judgment will  be  affirmed.